IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NANCY LEE CARLSON,
        Plaintiff,

v.                                                        Case No. 19-2027-JTM

UNITED STATES OF AMERICA and
THE NATIONAL AERONAUTICS &
SPACE ADMINISTRATION,
        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff Nancy Lee Carlson's Motion to Strike Notice of Attorney's Lien Pursuant to K.S.A. § 7-108 (Dkt. 48). Carlson's Motion relates to the Motion Under Seal to Withdraw from Representation: Notice of Attorney's Lien Pursuant to K.S.A. § 7-108 (Dkt. 36) filed by Carlson's former counsel, the law firm Wyrsch Hobbs Mirakian, P.C., (WHM) before it was formally allowed to withdraw as Carlson's counsel. WHM has since been allowed to file a response to Carlson's Motion to Strike as an interested party, and opposes the motion.

The underlying lawsuit pertains to Carlson's purchase of a Lunar Sample Return Bag flown on the Apollo 11 mission at a public auction, and events that occurred thereafter. Those facts are set forth in detail in the court's Memorandum and Order enforcing a settlement agreement between Carlson and defendants (Dkt. 72). For purposes of Carlson's Motion to Strike, the relevant facts are as follows: Carlson executed a Retention Agreement on August 30, 2017 (Dkt. 36-1), in which she hired WHM to provide legal services related to her purchase of the Lunar Bag. The Retention Agreement was based on a "blended fee arrangement," wherein Carlson agreed to pay a certain maximum in cash toward WHM's hourly rates. Any charges in excess of that amount would be compensated "in an amount equaling 28.5% of the net trial award or settlement after credit to the Client in the amount of hourly fees paid …." (Dkt. 36-1, p. 1). WHM

proceeded to represent Carlson and took various actions on her behalf, including filing the instant suit and representing Carlson at a mediation with defendants on January 16, 2020. At some point after the mediation Carlson's relationship with WHM deteriorated, and she terminated WHM's services. WHM thereafter filed its Motion to Withdraw in conjunction with its Notice of Attorney's Lien (Dkt. 36) which Carlson has moved to strike.

The court's prior Memorandum and Order enforced a confidential settlement between Carlson and defendants reached at the close of the January 16, 2020 mediation. The settlement terms require defendants to pay Carlson an agreed-upon sum of money and to return to Carlson certain personal property referred to by the parties as the "tapes" or "tape strips." WHM claims the Retention Agreement entitles it to additional compensation equal to 28.5 percent of *both* the cash payment *and* the value of the tape strips as determined by a fair market sale or some other method, and that it has a valid lien on the tape strips in that amount until such time as it has been fully compensated. (Dkt. 36, p. 5).

While WHM discusses Missouri law in its original Motion to Withdraw and argues in its response to Carlson's Motion to Strike that Missouri law is the most applicable to the Retention Agreement, WHM filed its lien pursuant to K.S.A. § 7-108 and has only asked this court to enforce the lien under that statute. WHM argues that the laws of three other states besides Kansas are potentially applicable to this dispute, but there is no indication that WHM has filed a notice of lien in this court or any other court under the laws of the state of Missouri, Texas, or Illinois. The court therefore finds it unnecessary to resolve the conflict of law issues raised by WHM in its response to Carlson's motion, because the only statute relevant to the court's resolution of the motion is K.S.A. § 7-108. The question before the court, then, is whether WHM has asserted a

valid lien pursuant to Kansas law on the tape strips[1] to be returned to Carlson under the settlement agreement.

K.S.A. § 7-108 states "[a]n attorney has a lien for the general balance of compensation upon papers of his or her client which have come into the attorney's possession in the course of his or her professional employment, upon money in the attorney's hands belonging to the client, and upon money due to the client and in the hands of the adverse party, in any matter, action or proceeding in which the attorney was employed …." The tape strips, which had not yet been returned to Carlson at the time the court entered its order enforcing the settlement agreement, are not papers of Carlson's that came into WHM's possession during its representation. They are also not money in WHM's hands belonging to Carlson, nor money due to Carlson and in the hands of the defendants.

Under Kansas law, an attorney fee lien "is special in its character, and, being statutory, can only attach to the things and upon the conditions prescribed by the statute." *Holmes v. Waymire*, 84 P. 558, 559 (Kan. 1906). In *Holmes*, the Kansas Supreme Court refused to extend an attorney's lien to real estate, because "the attorney's lien … is not given upon the subject-matter of the action, but is restricted to money due his client and in the hands of the adverse party." *Id.* In so ruling, the court specifically distinguished a prior case in which the court allowed an attorney's lien in a matter involving property, but noted that property had been converted to money specifically by order of the court such that there was money in the hands of the adverse party that was due to the client. *Id.* (citing *Noftzger v. Moffett*, 63 Kan. 354, 65 Pac. 670). A court's acknowledgement of a party's ownership interest in property does not equate to a determination

---

[1] The parties agree that WHM is entitled to a lien on the monetary proceeds of the settlement, although Carlson disputes the amount of the lien. (*See* Dkt. 48, p. 6 n.6). Because the issue of the amount of the lien on monetary proceeds has not been briefed and is not properly before the court at this time, however, the court declines to address it.

that money is due to that party. *See Wilson v. Jenkins*, 268 P.3d 11 (Kan. App. 2012) (refusing to recognize a statutory attorney's lien on a partnership interest, finding "it is clear that a statutory lien exists when there is money due to the client as a result of a judgment in the case.").

WHM cites *In re Veazey*, 272 B.R. 486 (D. Kan. 2002) in support of its argument that its lien interest was perfected against Carlson as to both the tape strips and the monetary proceeds of the settlement because the lien was filed and Carlson was properly served. (Dkt. 62, p. 18). WHM relies on the Bankruptcy Court's statement that "[t]he language of the lien statute is clear – an attorney's lien attaches at the point in time the lien was filed and notice given to the party holding the client's property or funds." *Id.* (citing *Carson v. Chevron Chem. Co.,* 6 Kan.App.2d 776, 794, 635 P.2d 1248 (1981)). But *Veazey* considered whether an attorney's lien on settlement proceeds filed and served after a bankruptcy petition was void under the automatic stay provisions of 11 U.S.C. § 362(a), not whether the lien in question extended to items of personal property awarded to the plaintiff as part of the settlement.

The court finds no support for the suggestion that the Bankruptcy Court's statement means the plain language of K.S.A. § 7-108 covers items of personal property returned to a party as a result of a settlement agreement which have not been converted as part of the settlement or a court judgment into money. *Carson*, the case cited by the Bankruptcy Court, involved monetary judgments and a question of whether an attorney's lien held priority over a garnishment, and similarly did not conclude that an attorney's lien under K.S.A. § 7-108 extended to items of personal property beyond the "papers of the client" described in the statute.

The court is bound to a strict construction of K.S.A. § 7-108, and it is clear from the statute's language that an attorney's lien does not extend to items of personal property awarded in a settlement that are in the hands of an adverse party. Consequently, WHM's lien is void as to the tape strips.

4

Carlson's Motion to Strike is therefore **GRANTED** as to the portion of WHM's Notice of Lien that claims an interest in personal property. The court declines to rule on the legitimacy or scope of WHM's lien applicable to the cash payment portion of the settlement.

**IT IS SO ORDERED** this 16th day of July, 2020.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT